**CHUN SHENG CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–5364–ag.**

United States Court of Appeals, Second Circuit.

April 24, 2006.

Kimberly Ellis, Law Offices of Michael Brown, New York, New York, for Petitioner.

Leura G. Canary, United States Attorney for the Middle District of Alabama, Patricia Allen Conover, Assistant United States Attorney, Montgomery, Alabama, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Chun Sheng Chen, through counsel, petitions for review of a BIA decision denying his motion to reconsider his removal

proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001).

The BIA did not abuse its discretion in denying Chen's motion to reconsider. The BIA reasonably found that Chen failed to articulate how the application of *In Re Y–T–L–,* 23 I. & N. Dec. 601, 2003 WL 21206539 (BIA 2003) would have led to a different result in the BIA's previous decision. In his motion, Chen claimed that the BIA "overlooked the *Matter of Y–T–L* that the forced sterilization is a unique kind of persecution," but he did not discuss how that case applied to the issues that he raised in his specific appeal. Regarding Chen's claim that the BIA "failed to give a comprehensive review" of his demeanor, the BIA reasonably found that it was "appropriate to give deference to the Immigration Judge's finding regarding [Chen's] demeanor since she was in the best position to observe him." Moreover, in his motion to reopen, Chen merely repeated the same arguments that the BIA rejected in dismissing his appeal. Under the circumstances, the BIA does not abuse its discretion by denying the motion to reopen. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).